NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER J. KOUVELIOTES, et al., | |
| Plaintiff, | |
| v. | Civ. No. 12-5273 |
| USAA CASUALTY INSURANCE COMPANY, et als., | **OPINION** |
| Defendant. | |

THOMPSON, U.S.D.J.

This action comes before the Court on Defendant USAA Casualty Insurance Company's Motion to Dismiss Counts IV and V of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [docket # 4]. Plaintiffs Peter J. Kouveliotes and Mary Zieve-Kouveliotes oppose. [7]. This motion has been decided based upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed herein, Defendant's motion is granted as to both counts.

### BACKGROUND

Peter J. Kouveliotes and Mary Zieve-Kouveliotes (hereinafter "Plaintiffs") were the owners and residents of 46 ½ Vardon Way, Farmingdale, New Jersey. [1-1 at ¶ 4]. USAA Casualty Insurance Company (hereinafter "Defendant") is an insurance company organized under Texas law and authorized to do business in New Jersey. [*Id.* at ¶ 2]. Defendant provided homeowners' insurance to Plaintiffs. [*Id.*]. On or about June 30, 2011, the sewer ejection system at the aforementioned property failed after heavy objects rolled over it, damaging the

1

PVC pipes. [*Id.* at ¶ 7]. The resulting buildup of septic matter allegedly necessitated replacement of the entire septic ejection system. [*Id.* at ¶¶ 8-9]. Plaintiffs attempted to recover the damage under their insurance policy with Defendant, but their claim was denied. [*Id.* at ¶ 10]. Plaintiffs then filed a five (5) count complaint against Defendant seeking compensatory and consequential damages, attorneys' fees, costs, and any other relief the Court may deem appropriate. [1-1]. Plaintiffs allege bad faith, breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code. [*Id.*]. Defendant now moves to dismiss Counts IV and V of the complaint; the former involves a claim of breach of the common law duty of good faith and fair dealing, and the latter a claim for relief under the Texas Insurance Code. [4].

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George,* 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal,* 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief." *Id.* at 211 (quoting *Iqbal,* 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id.*

"A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal,* 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal,* 556 U.S. at 679).

## ANALYSIS

**I.     Count IV**

Defendant argues that Count IV, alleging breach of the common law duty of good faith and fair dealing, should be dismissed because it is duplicative of Count II, which alleges bad faith. [4 at III.A.]. Despite bringing the Motion to Dismiss under Rule 12(b)(6), Defendant offers little support for the argument that Counts II and IV individually would be insufficient to state a claim. Instead, Defendant argues that since claims of bad faith and claims of a breach of the common law duty of good faith and fair dealing both arise out of the law of contract, there is "no separate statutorily created cause of action," to support two distinct claims. [*Id.*].

Plaintiffs, however, argue that there is sufficient difference between the two Counts to avoid dismissal. [7]. The Counts demand different relief, and there is a slight language difference between the two. [1-1]. In Count IV, Plaintiffs demand punitive damages, and allege that Defendant engaged in "intentional, fraudulent, and/or grossly negligent conduct." [*Id.* at ¶ 26]. Count II does not demand punitive damages, and contains no such allegation. [*Id.* at ¶¶ 15-20]. The two Counts do overlap insofar as they each demand compensatory and consequential damages, and allege similar breaches of a duty of good faith and fair dealing. [*See generally* ¶¶ 1-20 and 24-26].

Upon review, the Court finds that Plaintiffs are not wrong to separate out the two claims. While Defendant correctly notes that in New Jersey claims of bad faith and a breach of the common law duty of good faith and fair dealing both arise in contract, *see Pickett v. Lloyds*, 131 N.J. 457, 470 (N.J. 1993), Plaintiffs' separation of the demand for damages into separate counts appears in keeping with case law that demands greater wrongdoing to justify punitive damages. *Pickett* at 475-76.  *See also Miglicio v. HCM Claim Mgmt Corp.*, 288 N.J. Super. 331, 346-47; *Nestle Foods Corp. v. Aetna Cas. And Sur. Co.*, 842 F. Supp. 125, 127 (D.N.J. 1993); *Wiener v. Unumprovident Corp.*, 202 F. Supp. 2d 116, 124 (S.D.N.Y. 2002).  A reading of *Pickett* sheds light on this matter.

In *Pickett*, the court entertained a claim of bad faith, finding there to be a cause of action for such a claim under New Jersey common law, and classifying it as a claim arising in contract as opposed to tort.  *Pickett*, 131 N.J. at 470.  Where bad faith in either the delay or denial of benefits can be shown, consequential and compensatory damages may be demanded.  *See id.* at 474, 458.  Regarding the question of punitive damages, however, the court stated that "to sustain a claim for punitive damages, a plaintiff [must] show something other than a breach of the [contractual] good-faith obligation as we have defined it." *Id.* at 475-76 (citing *Nappe v. Anschelewitz, Barr, Ansell & Bonello*, 97 N.J. 37, 49-50 (1984)).  Said the *Pickett* court, "absent egregious circumstances [there is] no right to recover for . . . punitive damages . . . for an insurer's allegedly wrongful refusal to pay a first-party claim." *Pickett*, 131 N.J. at 476.  The court allowed for the possibility of cases "in which the insurance company's conduct in response to an insured's claim for payment constitutes an independent tort." *Id.* at 476-77; *see also Nappe*, 97 N.J. at 52 ("punitive damages may be assessed in an action for an intentional tort

4

involving egregious conduct whether or not compensatory damages are awarded, at least where some injury, loss, or detriment to the plaintiff has occurred").

Returning to the complaint at hand, while the Court believes Plaintiffs were correct in separating out their demands for punitive damages as a separate count, the Court does not believe that Plaintiffs have sufficiently pled circumstances justifying punitive damages in this case, or clearly framed the matter for the Court to sufficiently distinguish Count IV from Count II. While Plaintiffs allege Defendant engaged in "intentional, fraudulent, and/or grossly negligent conduct," neither this language, nor the accompanying facts, indicate the level of wrongdoing that would warrant punitive damages. *See, e.g.*, *Nappe*, 97 N.J. at 49 ("To warrant a punitive award, the defendant's conduct must have been wantonly reckless or malicious. There must be an intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and willful disregard of the rights of another.").

Therefore, Count IV is dismissed without prejudice. Plaintiffs are reminded that, "Ordinarily, an order dismissing a [claim] without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint." *See Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002). Thus, Plaintiffs may, within 10 days, move to amend the complaint to cure the defect, if possible, pursuant to Federal Rule of Civil Procedure 15(a)(2).

## II.   Count V

Defendant argues that Count V, alleging a breach of the Texas Insurance Code, should be dismissed on the basis that Plaintiffs have no standing to bring a claim. [4 at III.B]. Under the Texas Unfair Settlement Practices Act, § 541.060, Tex. Ins. Code Ann. § 541.060 (West), standing is limited to Texas residents. *See* 28 Tex. Admin. Code § 21.202. Plaintiffs acknowledge that they are not Texas residents and do not have standing under the statute, but

5

state that given Defendant's incorporation under Texas law, disparate treatment between Texas residents and non-Texas residents is "inequitable." [7]. Absent a showing that the insurance agreement was subject to Texas law, this Court finds that the Texas Code should not apply here, "since the effect of such application would be to regulate business outside the state of Texas and control contracts made by citizens of other states in disregard of their laws." *Aetna Life Ins. Co. v. Dunken*, 266 U.S. 389, 400 (1924). As the insurance contract at issue here was assumedly formed and executed under the laws of New Jersey, any claim of breach or wrongdoing shall find relief under such accordingly. Count V is dismissed without prejudice.

## CONLCUSION

For the aforementioned reasons, the Court grants Defendant's motion to dismiss as to Counts IV and V. An appropriate order will follow.

DATE: October 16, 2012

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.